UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                       Case No. 13-20143

ALVIN RAY,                                                    HON. AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE (Doc. 23)**

**I. INTRODUCTION**

This is a criminal case. Pursuant to a warrant, police officers searched Defendant Alvin Ray's (Ray) home and found crack cocaine, marijuana, and several firearms. Ray was arrested and charged in a four-count indictment (Doc. 7):

Count One     Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1);

Count Two     Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1);

Count Three   Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1); and

Count Four    Possessing a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c).

Now before the Court is Ray's motion to suppress evidence (Doc. 23) on the basis that the statements made in support of the warrant affidavit were untrue. The motion is DENIED. The reasons follow.

**II. BACKGROUND**

On May 8, 2013, Ray filed "Defendant's Motion For *Franks* Hearing And To

Suppress Evidence" (Doc. 23).  Ray seeks to suppress evidence obtained during the August 23, 2012 search of his home on the sole basis that the allegations in the warrant affidavit were knowingly false or made with reckless disregard for their truth.  The Court granted Ray's request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978) (Doc. 25).

The Court held an evidentiary hearing on July 29, 2013.  At the evidentiary hearing, the Government called two witnesses: (1) the affiant, Detroit Police Department ("DPD") Officer Aaron Yopp (Yopp),[1] and (2) DPD Sergeant Jason Sloan (Sloan).[2]  Ray did not call any witnesses or otherwise proffer any evidence.  The following scenario is taken from Yopp's and Sloan's testimony, and from the Government's exhibits admitted in evidence.

**A. DPD Receives Complaints About Narcotics Sales At Yopp's Home**

At some point prior to August, 22, 2012, DPD received complaints that narcotics were being sold at Ray's home.  The complaints were not recorded or memorialized in writing.

Yopp testified at the evidentiary hearing that not all narcotics complaints are recorded or written down.  Typically, DPD officers record narcotics complaints from individuals using the DPD's "224-DOPE" hotline number.  In addition, complaints made to the DPD's Ombudsmen are recorded.  There is no record of other complaints.

On cross examination, Yopp stated that he did not recall the specific complaints made to DPD about Ray's home.  Yopp did not recall whether the complaints were made

---

[1] Yopp has been a DPD officer for fourteen years.  For the last ten years, he has worked in the narcotics department.

[2] Sloan has been a DPD officer for seventeen years.

directly by citizens to him or whether he learned of the complaints through another officer.

## B. The Controlled Buy

After receiving complaints that narcotics were being sold from Ray's home, DPD officers decided to use a confidential informant ("CI") for a "controlled buy." On August 22, 2012, Yopp and other officers picked up the CI at an undisclosed location and took him to Ray's home.

At Ray's home, Yopp observed the CI walk to the front door. The CI did not go inside of the home. Yopp could not see who was on the other side of the door. The CI returned to Yopp's vehicle with a knotted bag containing a substance that appeared to be marijuana. The CI told Yopp that he purchased the marijuana from a black male, age 33–37, 5'9", 230 pounds, with a medium complexion, bald head, and a fat face. He stated that the subject was Ray.

The substance purchased by the CI tested positive for marijuana.

## C. The Warrant Affidavit and Application

On August 22, 2012 Yopp applied in Wayne County District Court for a search warrant authorizing the search of Ray's home on Genessee Street in Detroit, Michigan.

Yopp attested to the following in the warrant affidavit:

- ♦ Yopp is a member of the DPD's Narcotics Enforcement Section East ("EDNEU"), and he is assigned to investigate narcotic trafficking within the City of Detroit;

- ♦ Yopp worked with a confidential informant that has been utilized on several occasions. The confidential informant, based on past dealings with the DPD, is known to be credible and reliable;

- ♦ EDNEU officers received narcotic complaints about the subject home;

- ♦ On August 22, 2012, members of the EDNEU met with the confidential

3

> informant and had him make a controlled purchase of narcotics at the home. The confidential informant was searched for money and narcotics with negative results and then issued money to buy the drugs. Members of the EDNEU observed the confidential informant enter the home from the front door and stay for a short while. Upon his return, the confidential informant handed the EDNEU members marijuana and stated that he/she purchased the narcotics from Ray;

- Yopp has participated in numerous raids in the City of Detroit. In those raids, it was common for firearms and/or weapons to be found as they are used to protect illegal narcotic activity.

### D. Warrant Signed and Search Executed

On the same day, August 22, 2012, the warrant was signed.

The day after, on August 23, 2012, officers executed the search warrant. Ray was found in the home. The police confiscated 31 ziplock bags of marijuana, 11 grams of separately-packed crack cocaine, and multiple guns.

### III. LEGAL STANDARD

A judge determines the admissibility of evidence, as a matter of law, outside the presence of the jury. *Jackson v. Denno*, 378 U.S. 368 (1964). At a suppression hearing, the Government bears the burden in establishing admissibility of the evidence by a preponderance. *Lego v. Twomey*, 404 U.S. 477 (1972).

Where a defendant challenges the sufficiency of an affidavit, the proper inquiry is "whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (internal quotations omitted)). A review of the affidavit should "rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id.* at 479 (citation omitted).

## IV. ANALYSIS

### A. The Evidence is Admissible

The Government has established by a preponderance that the evidence Ray seeks to suppress–the crack cocaine, marijuana, and firearms found at his home during the search–is admissible.

Yopp testified that police received complaints that narcotics were being sold from Ray's home. In response, police contacted the CI and set up a controlled buy at Ray's home. During the controlled buy, Yopp saw the CI approach the front door of the home. The CI returned to Yopp's vehicle, informed Yopp that he had exchanged money for marijuana, and described the seller as Ray. The CI was used by police in other buys and was known by Yopp to be credible and reliable.

After the controlled buy, police obtained a search warrant to search Ray's home and his person. The search produced the items Ray seeks to suppress.

Based on the totality of the circumstances, the search warrant was properly executed and police had probable cause to believe that narcotics would be found at Ray's home. *See United States v. Brown*, 715 F.3d 985, 990–91 (6th Cir. 2013) (finding CI's statement to officer that CI saw cocaine, as well as what appeared to be the defendant himself selling drugs from his own home, enough to establish probable cause even though police did not corroborate CI's statement through surveillance), relying on *United States v. Allen*, 211 F.3d 970 (6th Cir. 2000).

### B. Ray's Challenges to the Affidavit Do Not Withstand Scrutiny

Ray argues that the affidavit was insufficient to establish probable cause because (1) Yopp was untruthful in the affidavit when he averred that complaints about narcotics

5

being sold at Ray's home were made to DPD prior to August 23, 2012, and (2) Ray did not sell marijuana to the CI on August 22, 2012. Ray's arguments are not on solid ground.

First, Ray has not established that Yopp's statements in the affidavit were untruthful. At the evidentiary hearing, Ray did not proffer any evidence that Yopp lied when he stated that DPD received complaints that narcotics were being sold at Ray's home prior to August 23, 2012. Yopp testified that he did not recall the specific complaints regarding Ray's home because of the time that has passed since the complaints were made. However, Yopp testified that DPD received complaints because he would not have otherwise included the statement in the affidavit.

Ray's failure to show that Yopp made untruthful statements in the affidavit is not his only problem. Even assuming that Yopp knowingly lied about the DPD receiving the complaints, the remaining statements in the affidavit were sufficient to establish probable cause. As the Sixth Circuit has explained, "[a]n affidavit, with the false part excised, will still establish probable cause if it provide[s] the magistrate judge with a basis for finding there was a fair probability that contraband or evidence of a crime would be found at the stated location." *Brown*, 715 F.3d 985 at 992 (citation and internal quotation marks omitted). Here, taking out the statement in the affidavit regarding the complaints of narcotics sales, probable cause still existed to believe that narcotics would be found at Ray's home. DPD officers used a reliable and credible CI to purchase drugs from the home. The CI successfully purchased marijuana. Yopp watched the CI purchase the marijuana. This is enough, on its own, to establish probable cause.

Second, Ray did not proffer any evidence contesting the affidavit's representation that Ray sold marijuana to the CI on August 22, 2013. Ray's own affidavit denying that he

sold marijuana to the CI has no evidentiary value.

## V. CONCLUSION

For the reasons stated above, the affidavit was sufficient to establish probable cause and Ray's attacks on Yopp's truthfulness are baseless. The Government has met its burden in establishing the admissibility of the evidence. Ray's motion to suppress was, therefore, denied.

SO ORDERED.

       s/Avern Cohn  
       AVERN COHN  
       UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 1, 2013, by electronic and/or ordinary mail.

       s/Sakne Chami  
       Case Manager, (313) 234-5160