UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

-vs-                                            Case No. 13-20143
                                                    Hon. Avern Cohn

ALVIN RAY,

    Defendant.

## MOTION AND BRIEF IN LIMINE TO
## PROHIBIT USE OF "FELON" IN THE FELON IN POSSESSION CHARGE
## AND TO SUPPRESS PRIOR RECORD

Now comes Defendant, Alvin Ray, by and through his attorney, Mark H. Magidson, and moves this Honorable Court, to grant his Motion in Limine to prohibit the use of "Felon" in the Felon in Possession charge, and to Suppress Prior Record in the event Defendant testifies, and in support thereof, states unto this Court as follows:

1. Defendant, ALVIN RAY, is charged in a multiple count Indictment for being in violation of Count I, 18 U.S.C. §922(g)(1) felon in Possession of a Firearm; Count II, 21 U.S.C. §841(a)(1), Possession with Intent to Distribute a Controlled Substance, Cocaine Base; Count III, 21 U.S.C. §841(a)(1), Possession with Intent to Distribute Marijuana, Count IV, 18 U.S.C §924(c)(1)(A), Possessing a Firearm in Furtherance of a drug Trafficking Crime.

2. Count I, Felon in Possession of a Firearm, discloses to the jury that Mr. Ray has some undefined felony, a fact that they would not otherwise know[1] if he chose not

---

[1] Mr. Ray prior felonious convictions: one conviction or the possession of a controlled substance; a conviction for carrying a concealed weapon and a prior conviction for being a felon in possession of a weapon.

to testify and a fact that in the court's discretion, could be suppressed if he did seek to testify.

3. Ordinarily, if Mr. Ray chose not to testify, there would be no way for the jury to be informed of his prior felony record.

4. Even if he did choose to testify, there is a chance that the court would suppress the use of the prior criminal history as being more prejudicial that probative. For instance, Fed R. Evd. 609 allows the admission of evidence of a witness's prior conviction to impeach that witness if the crime was punishable by a sentence of greater than one year and if the probative value of the evidence outweighs its prejudicial effect. FRE 609(a)(1). Where the crime "involved dishonesty or false statement, regardless of the punishment," Rule 609 admits evidence of the conviction without any balancing test. FRE 609(a) (2).

5. Here Mr. Ray has no felonies involving theft or dishonesty, therefore the Court would have discretion on whether to admit the prior convictions as impeachment. Because two of his prior convictions weapons, one conviction being the same as this case, to admit the prior convictions if he chose to testify would be greatly prejudicial, specifically such evidence would be more prejudicial than probative.

6. However, even if the court granted Defendant's motion to suppress his prior record or if he chose not to testify, by merely reading the charge, FEOLN in possession of a weapon, the jury is now informed that Mr. Ray is a convicted felon.

7. Once it is disclosed that the Defendant is a convicted felon, the jury will find it more difficult to believe him or trust him since societal views of convicted felons is negative.

8. The general public and the potential jurors are biased and prejudiced against former offenders, particularly those with a felon conviction. These feeling are manifested in numerous ways, particularly in the way society disenfranchises felons and as a society we continue to punish felons long after they have served their sentence.

9. "In 48 states and the District of Columbia, all incarcerated persons are ineligible to vote. In addition, 35 states prohibit parolees from voting, 31 states do not allow felony probationers to vote, and in 14 states, a felony conviction can lead to loss of voting rights for life." Ryan S. King and Marc Mauer, *The Vanishing Black Electorate: Felony Disenfranchisement in Atlanta, Georgia*" (The Sentencing Project publication, September 2004): 2, available online at: http://www.sentencingproject.org/pdfs/ atlanta-report.pdf). See also The Sentencing Project, "Felony Disenfranchisement Laws in the United States."

10. The United States is the only democracy that indefinitely bars so many offenders from voting. Alec C. Ewald, "*'Civil Death': The Ideological Paradox of Criminal Disenfranchisement Law in the United States*," Wisconsin Law Review (2002): 1045-1137.

11. It is the position of the Defendant that to avoid unfair prejudice and to guarantee a fair trial, the jury should only be informed that he is being charged with being "ineligible" to possess a weapon, and it can be stipulated that he did not have a

license to carry a weapon and or that he was otherwise not eligible to carry a weapon. That way the only issue the jury would have had to consider was whether he "possessed" the weapon. Being a felon would not have been disclosed.

12. Cases both in this state and in the Federal system have recognized the problem with this charge and have held that the parties may stipulate to an unspecified felony so the jury will not be unduly prejudiced. For instance, where the Defendant had a prior gun charge, and he now had a new gun charge, the Defendant contended that the former conviction would be too prejudicial to bring out before the jury. In People v. Swint, 225 Mich.App 353, 379; 572 NW2d 666 (1997), the Court of Appeals held that, based on Old Chief v. United States, 519 U.S. 172; 117 S Ct 644; 136 L.Ed.2d 574 (1997), a trial court abused its discretion by refusing to accept a defendant's stipulation that he had been convicted of a specific felony and was ineligible to possess a firearm.

13. The *Swint* Court stated:

"In dealing with the specific problem raised by [ 18 USC] 922(g)(1) [the federal felon-in-possession statute] and its prior-conviction element, there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case, for the reasons already given, but will be substantial whenever the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning. Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious...." [ *Swint, supra*, 225 Mich.App 378, quoting *Old Chief*, 519 U.S. 185.]

14. However, even the mention of the word "felon" in possession creates the prejudice, and therefore Defendant would submit that in order to eliminate this prejudice and violation of due process, that the parties would stipulate to two of

4

the elements of the charge, that being he had a prior felony and was not eligible to possess a gun. The jury would then be instructed that or asked whether the Defendant "possessed" a gun and if that was a case, and the jury found him guilty of that element, i.e., wrongful possession of a weapon, then Mr. Ray would automatically stand convicted of Felon in Possession.

15. While prior state cases have held that a Defendant suffers no prejudice by being tried in a single trial with a charge of felon in possession, such a conclusion is simply wrong. In People v. Green, 228 Mich.App. 684, 692, 580 N.W.2d 444 (1998) the Michigan Court explained that "adequate safeguards" can be erected to ensure that a defendant charged with both felon-in-possession and other charges arising from the same incident suffers no unfair prejudice if a single trial is conducted for all the charges. Specifically, these "safeguards" are (1) the introduction by stipulation of the fact of the defendant's prior conviction, (2) a limiting instruction emphasizing that the jury must give separate consideration to each count of the indictment, and (3) a specific instruction to consider the prior conviction only as it relates to the felon-in-possession charge. See Id. at 660, 562 N.W.2d 272, citing United States v. Mebust, 857 F.Supp. 609, 613 (N.D.Ill., 1994).

16. Other aspects of criminal jurisprudence respect the fact that mentioning or disclosing a Defendant's prior criminal record is generally more prejudicial than probative. For instance, sentencing enhancements under the Enhancement Statutes are not disclosed to the jury. Similarly the underlying convictions that give rise to other enhancements under state criminal sexual conduct statues or the second

offense for felony firearm or even felony drunk driving are not disclosed to the jury due to the unfair prejudice.

17. Here, the statute does not refer to the offense as being "Felon in Possession" of a firearm:

   18.U.S.C. §922 provides:

   (g) It shall be unlawful for any person--

   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18. Disclosing that Mr. Ray has a prior "unspecified felony" affects his substantial rights since it automatically taints the jury's opinion of Mr. Ray. This is a violation of Due Process.

19. In explaining the charge, the Court could simply state that the Defendant is charged with the violation of a statute (922(g)) that prohibits ineligible persons from possessing weapons. When charging the jury on this Count, the Court could advise the jurors that the parties have stipulated that Mr. Ray was not eligible to possess a weapon; the jury will only have to decide whether Defendant possessed the weapon.

20. Further, if Defendant chose to testify he is requesting that his prior criminal history not be disclosed to the jury because the similarity in charges would make the admission of said evidence more prejudicial than probative.

WHEREFORE, Defendant Ray prays that this Honorable Court:

A) Suppress the use of "felon" regarding Count I;

B) Suppress his prior record in the event he chooses to testify;

C) Grant such other relief that the Court deems reasonable and necessary to comply with Due Process.

Respectfully Submitted,


By: s/Mark H. Magidson
    MARK H. MAGIDSON (25581)
    Attorney for Defendant Alvin Ray
    615 Griswold, Suite 810
    Detroit, MI 48226
    (313) 963-4311
    MMAG100@AOL.COM


### CERTIFICATE OF SERVICE

I herby certify that on January 7, 2014 I electronically filed the Defendant's *Motion and Brief in Liminie to Prohibit Use of "Felon" in the Felon in Possession Charge and to Suppress Prior Record* with the Clerk of the Court using the ECF system, which will send notification of such filing to the parties of record.

By: s/Mark H. Magidson
    MARK H. MAGIDSON (P25581)
    Attorney for Defendant Alvin Ray
    615 Griswold, Suite 810
    Detroit, MI 48226
    (313) 963-4311
    MMAG100@AOL.COM