UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          Case No. 13-20143

ALVIN RAY,                                      HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S *PRO SE* MOTION FOR RECONSIDERATION, (Doc. 118)

### I.    INTRODUCTION

This is a criminal case. Defendant Alvin Ray (Ray) was convicted after a jury trial of drug trafficking and unlawful firearm possession on May 23, 2014. He was sentenced to 84 months custody.

Ray is represented by counsel. The case is now on appeal to the Sixth Circuit, appeal no. 16-1785. (*See* page 2 *infra*).

In the meantime, Ray has filed a *pro se* "Motion for Reconsideration," (Doc. 118). He asks the Court to "throw out" one of his firearm convictions because he says the trial evidence did not establish that he was in constructive possession of the firearm. Ray notes his appointed counsel "refuses to bring this vital issue up on appeal."

The motion is DENIED because the Court lacks jurisdiction to consider it.

## II. BACKGROUND

On May 23, 2014, after a 4-day trial, the jury returned a verdict of guilty on all counts, (Doc. 72). A custodial judgment was entered on September 5, 2014, (Docs. 82, 85).

Ray appealed, (Doc. 83), arguing that the Court erred in denying a pre-trial motion to suppress statements he made to police officers in a police-station interview after being placed under arrest and *Mirandized*. The Court of Appeals reversed and remanded for further proceedings, (Doc. 102). The Court of Appeals directed the Court to (1) conduct an evidentiary hearing on Ray's motion to suppress, and (2) consider the impact of *Missouri v. Seibert*, 542 U.S. 600, 615 (2004) (plurality opinion) (outlining the criteria for when confessions made after "midstream" *Miranda* warnings between unwarned and warned questioning are admissible), on his case.

On remand, the Court held a 2-day evidentiary hearing on the motion to suppress, (Docs. 111, 112), and considered supplemental papers filed by the parties, (Docs. 113, 114). The Court found that Ray's post-*Miranda* statements at the police station were properly admitted into evidence under *Seibert*. On June 8, 2016, the Court entered a "Decision on Remand" to this effect denying the motion, (Doc. 115).

On June 10, 2016, Ray appealed the Court's remand decision, (Doc. 116). The appeal is pending. (*See* 6th Cir. CM/ECF, appeal no. 16-1785).

### III.   DISCUSSION

In a criminal case, "[i]t is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984).

The Court cannot consider Ray's challenge to his conviction and sentence at this juncture. Ray has appealed the Court's "Decision on Remand." That appeal divested the Court of jurisdiction to act on the merits of his criminal case.

SO ORDERED.

s/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated:  December 13, 2016
         Detroit, Michigan

3